INHABITANTS OF SOLON *vs.* INHABITANTS OF EMBDEN.

Somerset.    Opinion October 18, 1880.

*Pauper settlement.    Change of residence.    Necessity for pauper supplies.*

The question of the intent of a person in removing from one town to another, whether it was a change of residence — an abandonment of it in one town and taking it up in another, or a pretence — removing with intent to return, is for the jury in an action for pauper supplies subsequently furnished to such person.

The fact that there was a small sum due a pauper, when supplies were furnished is not conclusive, that the verdict for the plaintiffs, in an action to recover for such supplies, was against evidence upon the question of necessity.

ON REPORT.

The case is stated in the opinion.

*Walton & Walton* and *Turner Buswell,* for the plaintiffs.

*D. D. Stewart,* for the defendants.

BARROWS, J.    The pauper whose settlement is here in dispute, was born and brought up in the defendant town, and lived there constantly, on the farm formerly owned by his father, and afterwards by his brother, until he was about sixty years old. His testimony shows that though always disabled from performing much work through defective eyesight, he is more intelligent than paupers ordinarily are, and quite capable of entertaining lively sentiments and fixed purposes. Among these, he seems to have cherished a strong attachment to his birth place, and a determination not to acquire a pauper settlement elsewhere.

The defence fails, unless the defendants prove that, notwithstanding this determination, he did acquire a settlement in Solon, by a residence there, for five consecutive years, from March 4, 1872, when the home which he had had for twenty years after his father's death, in his brother's family, was broken up, and he went to live with a nephew, (one Rice) in Solon. That he left Rice's, removing his goods and wearing apparel, all that he had, to a house in Anson, about the middle of February, 1877, is certain; and also that he returned there in a little more than three months, and remained there until he called upon the town of Solon for the supplies which are the subject of this suit, is also clear. The vital question for the jury was, did he intend to abandon his residence in Solon when he left there in February, or was it his intention to return? Was he merely making a pretence of removing, in order to satisfy those citizens of Solon who seem to have become anxious lest he should gain a settlement there, or did he in fact leave, without intending to return?

The question was one of fact, for the jury. *Fitchburg* v. *Winchendon*, 4 Cush. 190, 194.

The defendants strongly urge that the fact that the pauper held Rice's note for $100 which, according to an agreement between them, was to be paid by Rice in boarding the pauper, taken in connection with the further fact, that in a little more than three months after his removal to Anson, he did return to Rice's, and remained there a year, before receiving the supplies here sued for, is conclusive that the removal was but a pretence, to save talk and ill feeling among the people of Solon, and that he never really abandoned his home there.

But it must be remembered, that the only man who really knows what his intention in making the removal was, is the pauper himself; and he testified positively to an abandonment of his home at Rice's, when he removed to Anson. He is fortified by his evident determination not to live long enough anywhere out of Embden, to gain a settlement, and by his persistent efforts, during a large part of the time while he was living at Rice's to find another home, in Embden or elsewhere; and the argument of the defendants is weakened by testimony indicating that the return to Rice's was brought about by the advice and interference of one of their own town officers.

The case does not seem to differ in its essential facts from *Ripley* v. *Hebron*, 60 Maine, 379, 394, 395, and *Burnham* v. *Pittsfield*, 68 Maine, 580. It is by no means demonstrated that the jury erred in crediting the pauper's own statements as to his intentions. We think another jury would be very likely to do the same.

The fact that there was still a small sum due the pauper from Rice, when the supplies were furnished, is not conclusive that the verdict was against evidence upon the question of necessity. *Norridgewock* v. *Solon,* 49 Maine, 385.

*Motion overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and SYMONDS, JJ., concurred.